**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| THE DELVENTHAL COMPANY<br>an Ohio corporation,<br>3796 Rockland Circle<br>Millbury, Ohio 43447,<br><br>   Plaintiff,<br><br>v.<br><br>PLANT PROCESS EQUIPMENT, INC.<br>a Texas corporation,<br>c/o Clark V. Kennedy, Registered Agent<br>280 Reynolds Ave.<br>League City, Texas 77573<br><br>   Defendant. | CASE NO. 4:21-cv-1928<br><br>**COMPLAINT WITH JURY DEMAND ENDORSED HEREON** |

**COMPLAINT, WITH JURY DEMAND ENDORSED HEREON**

NOW COMES Plaintiff, The Delventhal Company, by and through its undersigned counsel, and for its Complaint against Defendant, Plant Process Equipment, Inc., states and avers as follows:

**PARTIES**

1. Plaintiff, The Delventhal Company ("Plaintiff"), is an Ohio corporation with its principal place of business located at 3796 Rockland Circle, Millbury, Ohio 43447. Plaintiff is a citizen of the State of Ohio.

2. Defendant, Plant Process Equipment, Inc. ("Defendant"), is a Texas corporation with its principal place of business located at 2525 South Shore Blvd., Ste # 410, League City, Texas 77573. The registered agent for Defendant is Clark V. Kenney at 280 Reynolds Ave., League City, Texas 77573. Defendant is a citizen of the State of Texas.

## JURISDICTION AND VENUE

3. Plaintiff is a citizen of the State of Ohio. Defendant is a citizen of the State of Texas. Therefore, there is complete diversity amongst the opposing parties. The subject matter of this Complaint concerns damages in excess of Seventy-Five Thousand Dollars ($75,000.00), inclusive of attorneys' fees. Therefore, Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. §1332.

4. Venue is appropriate in this Court because the parties entered into a contract which included a forum selection clause that venue for all proceedings shall be in Houston, Harris County, Texas.

## GENERAL ALLEGATIONS

5. Plaintiff restates and realleges each of the above allegations as if fully set forth herein.

6. On or around June 27, 2019, Plaintiff and Defendant entered into a Purchase Order for Plaintiff to supply products and services to Defendant in the amount of $77,030.00. (See Purchase Order attached hereto as **Exhibit "A"**). The Purchase Order states that it is the "Buyer's [Defendant's] and Seller's [Plaintiff's] written agreement authorizing purchase, manufacture (where applicable) and shipment of Goods, including the Purchase Order cover, these T&Cs [Terms and Conditions], all specifications, attachments and referenced documents." (Exhibit A).

7. On or around August 14, 2019, Plaintiff and Defendant entered into a Change Order for Plaintiff to supply additional products and services to Defendant in the amount of $5,433.00. (See Change Order attached hereto as **Exhibit "B"**).

8. Pursuant to the Purchase Order and the Change Order, Plaintiff agreed to supply, and did supply, products and services to Defendant in the total amount of $82,463.00. (See Invoices attached hereto as **Exhibit "C" and Exhibit "D"**).

9. The Invoices require payments to be made to Plaintiff no later than 30 days from invoice date.

10. The Purchase Order, Change Order and Invoices constitute a contract between Plaintiff and Defendant ("Contract").

11. Defendant has made two payments to Plaintiff in the total amount of $15,000.00 but has failed and refused to pay the remaining amounts owed to Plaintiff. (See Invoice attached hereto as **Exhibit "E"**).

12. The account is more than 30 days delinquent. As of the time of filing this action, the sum of $67,463.00 is due from Defendant to Plaintiff. (Exhibit E).

13. Demand for payment has been made, but Defendant has not paid.

14. Despite demand for payment, Defendant has refused to pay Plaintiff the amounts owed.

## COUNT ONE

## BREACH OF CONTRACT

15. Plaintiff restates and realleges each of the above allegations as if fully set forth herein.

16. Defendant entered into a Contract with Plaintiff, whereby Defendant placed orders for products and services from Plaintiff. (Exhibits A – E).

17. Plaintiff timely delivered the products and services ordered by Defendant pursuant to said Contract, and Plaintiff has otherwise fully performed all contractual obligations, and has satisfied all conditions precedent thereto. (Exhibits A – E).

18. Defendant is in breach of the aforementioned Contract by failing and refusing to pay Plaintiff the remaining amounts owed for the products and services contracted for, received, and accepted by Defendant in the amount of $67,463.00.

19. Despite repeated demands for payment for the products and services supplied and accepted under said Contract, Defendant has failed and refused to pay Plaintiff the remaining amounts owed and is thus in breach.

20. As a direct and proximate result of Defendant's aforementioned breach of the Contract, Plaintiff has been damaged in the amount of $67,463.00, plus interest, attorneys' fees and court costs that are in excess of $75,000.00 collectively

## COUNT TWO

## UNJUST ENRICHMENT

21. Plaintiff restates and incorporates herein the preceding allegations of its Complaint as if fully restated herein.

22. Alternatively, Defendant has benefitted and has, therefore, been unjustly enriched by its receipt of products and services from Plaintiff for a total value of $67,463.00 without full payment to Plaintiff. To allow Defendant to retain the products and services without paying Plaintiff would violate fundamental principles of justice, equity and good conscience.

23. As a direct and proximate result of Defendant's unjust enrichment, Plaintiff has been injured and is entitled to recover damages from Defendant in the amount of $67,463.00, plus interest, attorneys' fees, costs, and expenses.

## COUNT THREE

## REQUEST FOR ATTORNEYS' FEES

24. Plaintiff restates and incorporates herein the preceding allegations of its Complaint as if fully restated herein.

25. As a result of Defendant's breach of contract, Plaintiff was compelled to retain counsel in Ohio and Texas to bring this suit, and Plaintiff agreed to pay counsel for legal services rendered and to be rendered in the preparation and trial of this cause.

26. Plaintiff is entitled to recover its necessary and reasonably attorneys' fees against Defendant pursuant to Texas Civil Practice and Remedies Code §38.001 because Plaintiff's claims are based upon a contract. All necessary notices required as a predicate to Plaintiff's recovery of attorney's fees have been or are hereby given.

WHEREFORE, Plaintiff respectfully requests the following relief:

A. Judgment against Defendant in the amount of $67,463.00;

B. Pre-judgment interest, if, as and when allowed by law;

C. Reasonable and necessary attorney's fees;

D. Costs of court;

E. Post-judgment interest at the legal rate from the date of judgment; and

F. Such other and further relief, at law or in equity, to which Plaintiff, may show itself justly entitled or the Court deems proper.

## JURY DEMAND

Plaintiff hereby requests a jury trial on all issues so triable.

Respectfully submitted,

CAMARA & SIBLEY LLP

Date: June 11, 2021        By: ___/s/ Joseph D. Sibley_____
                               Joseph D. Sibley
                               State Bar No. 24047203
                               sibley@camarasibley.com
                               Camara & Sibley LLP
                               1108 Lavaca St., Ste 110263
                               Austin, Texas 78701
                               Telephone: (713) 966-6789
                               Fax: (713) 583-1131

                               ATTORNEY IN CHARGE FOR
                               DEFENDANT THE DELVENTHAL
                               COMPANY